DANIEL G. BOGDEN
United States Attorney
KIMBERLY M. FRAYN
ANDREW W. DUNCAN
Assistant United States Attorneys
JONATHAN A. OPHARDT
Trial Attorney
United States Department of Justice
Organized Crime and Gang Section
Lloyd D. George Federal Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, NV  89101
(702) 388-6336
Attorneys for the United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:12-CR-0083-APG-(GWF) |
| ) Plaintiff, ) | |
| ) | **GOVERNMENT'S SENTENCING** |
| v. ) | **MEMORANDUM** |
| ) | |
| JASON MACLASKEY, ) | |
| ) | |
| Defendant. ) | |

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney, Kimberly M. Frayn and Andrew W. Duncan, Assistant United States Attorneys, and Jonathan A. Ophardt, Trial Attorney for the United States Department of Justice, Organized Crime and Gang Section, files this Sentencing Memorandum.

## PROCEDURAL HISTORY

On March 13, 2012, a federal grand jury indicted defendant Jason Maclaskey and six other members and associates of the Carder.su criminal organization, charging them with Conspiracy, in violation of Title 18, United States Code, Section 371, (Count One), and violations of the identity theft and access device fraud statutes (Counts Two through Sixteen). PSR ¶ 1-8. On April 26, 2012, defendant Maclaskey was released on a writ from Texas Department of Criminal

Justice to the US Marshals. He was transported to Nevada and detained pending trial in this matter.[1] PSR ¶ 11. On January 28, 2014, defendant Maclaskey pleaded guilty to a superseding information charging him with one count of Conspiracy, in violation of Title 18, United States Code, Section 371. PSR ¶ 10.

**FACTS**

The Carder.su criminal enterprise is a sophisticated web of individuals, bound together by their criminal involvement in fraud and identity theft, who congregated at a central virtual location, the Carder.su website. PSR ¶ 13. The participants in the enterprise ranged from members who vended stolen data and counterfeit documents, to members who took part in the forums and purchased their illicit wares from other members, to moderators who maintained the peace between all members, and ensured the rules of the organization were followed. PSR ¶ 15-17. An Administrator, Roman Zolotarev indicted in 2:12-CR-004, acted as final arbiter, insurance provider (via escrow services), and protector of the marketplace from outside undesirables like law enforcement and "rippers." PSR ¶ 19.

Homeland Security Investigations (HSI) Special Agent Michael Adams infiltrated the Carder.su criminal enterprise, and became a "reviewed vendor," that is, a seller of counterfeit identification documents ("IDs") who had passed the quality-control protocols established by the criminal enterprise. PSR ¶ 20-23. Members of the Carder.su criminal enterprise needed counterfeit IDs to facilitate their "carding," that is, fraudulent purchasing with counterfeit credit cards. Counterfeit IDs were also needed to send money to other vendors in the Carder.su enterprise using legitimate means, such as bank transfers, and to open bank accounts for use in bank fraud schemes

---

[1] On March 6, 2013, defendant Maclaskey was charged in the Southern District of Texas on a 23-count federal indictment alleging Conspiracy, Theft of Public (IRS) Money, Aggravated Identity Theft, Access Device Fraud, Fugitive in Possession of a Firearm, and Possession of a Stolen Firearm. These allegations stem from a scheme in which defendant Maclaskey and others, including but not limited to codefendants in this case Butt, and Dale, fraudulently filed tax returns using victims' personal and financial identifiers to unlawfully obtain tax refund money in an amount which exceeds $1.4 million dollars. PSR ¶ 71-72. The facts supporting the gun charges are in the PSR ¶ 67. Once the Court sentences defendant Maclaskey in this matter (2:12-CR-0083), Maclaskey will be returned to the Southern District of Texas for trial starting on July 1, 2014.

known as "cash out services." On July 27, 2009, defendant Maclaskey became a member of the Carder.su Organization registering under the nics "Shinnerbock" and "That Guy." PSR ¶ 26. Beginning on a date unknown but not earlier than November 12, 2007, and not later than June 25, 2009, and continuing to on or about March 30, 2011, in Nevada, Texas, New York, Missouri, Georgia, and elsewhere, defendant Maclaskey and codefendant Carder.su members Butt and Steffey, along with codefendant Carder.su associates Dale, Carder, Morrell and Kephart, did conspire and agreed to, and did ultimately carry out the purchase of numerous counterfeit identification documents (drivers' licenses), as well as victims' personal and financial identifiers from other Carder.su members, which the defendant used to fraudulently obtain cash and high-end merchandise that he subsequently fenced. PSR ¶ 24-40. These acts, among others, which defendant Maclaskey knowingly and voluntarily committed in furtherance of the Carder.su organization's criminal enterprise, constitute a pattern of conspiracy, committed in and affecting interstate and foreign commerce, and were done for the gain of the Carder.su members, its associates, the defendant's own personal gain, the benefit of others, and in furtherance of the Carder.su criminal enterprise. Financial institutions sustained more than $50.8 million dollars in actual loss as a result of the Carder.su criminal enterprise and defendant Maclaskey's crimes.

In his plea agreement, (doc. no. 206, p. 10), defendant Maclaskey has expressly admitted that: 1) a loss amount of more than two hundred thousand dollars ($200,000) but less than four hundred thousand dollars ($400,000) is attributable to the defendant as a member of the conspiracy; 2) the offense involved more than 10 but less than 50 victims; 3) a substantial part of the offense was conducted overseas and otherwise used sophisticated means; 4) the offense involved possession and use of device-making equipment, and the production of and trafficking in unauthorized and counterfeit access devices; and 5) the defendant was an organizer and leader of criminal activity that involved five or more participants or was otherwise extensive. The defendant also specifically admitted that, directly or indirectly as a result of his criminal violations, he owes the joint-and-several restitution amount of $50,575,123.45. The defendant also agreed that property set forth in the

3

Information, and a criminal forfeiture money judgment of $50,575,123.45 are facilitating property and proceeds of his crimes and are therefore subject to forfeiture.

## SENTENCING GUIDELINE CALCULATION

Probation correctly calculated the advisory guidelines as follows:

Offense Level Calculations.

1. Conspiracy/ 18 U.S.C. § 371
   Base Offense Level USSG § 2B1.1(a)(2):                                    6

2. Enhancements:

   Upward Adjustment:
   Total amount of loss of more
   than $200,000, but less than $400,000/
   U.S.S.G § 2B1.1(b)(1)(E):                                                +12

   Offense involves more than 10 but
   less than 50 victims/U.S.S.G. § 2B1.1(b)(2)(B):                          +2

   A substantial part of the offense was conducted
   overseas and otherwise used sophisticated means/
   U.S.S.G. § 2B1.1(b)(10):                                                 +2

   Offense involved possession and use of device-
   making equipment, and the production of
   and trafficking in unauthorized and counterfeit
   access devices/
   U.S.S.G. § 2B1.1(b)(1)(11)(A)(B):                                        +2

   Role Enhancement for Carder.su
   Organization Membership and leadership
   role in this cell group/
   U.S.S.G. § 3B1.1(a):                                                     +4

   Adjusted Offense Level:                                              =   28

   Acceptance of Responsibility                                             -3

   Total Adjusted Offense Level:                                        =   25

PSR ¶ 56 -63.  Defendant Maclaskey's criminal history calculation results in a Criminal History Category III. PSR ¶ 68.  An offense level of 25 and a Criminal History Category III yield an advisory guideline range of 70 to 87.  PSR ¶ 103.  The maximum penalty for Conspiracy under 18 U.S.C. § 371, is not more than five (5) years in prison, a fine of not more than two hundred and fifty thousand dollars ($250,000), or both a fine and imprisonment. Accordingly, Probation recommends a 5 year (60 month) term of imprisonment, which constitutes in essence a ten (10) month variance down from the low end of the applicable advisory guideline range. PSR ¶ 117.  Such a recommendation is consistent with the plea agreement, which requires that the parties jointly recommend a sentence at the statutory maximum of five years. (Doc. No. 206 at p. 15).  Moreover, the defendant has expressly agreed not to argue for any sentence below five years. *Id.*

**SENTENCING ARGUMENT**

As discussed above in the factual recitation, the Carder.su criminal enterprise exhibited substantial complexity, and the interdependence of its members' criminal schemes, makes the existence of this criminal enterprise particularly serious. *See United States v. Feola*, 420 U.S. 671, 693 (1975) (noting the law of conspiracy protects society "from the dangers of concerted criminal activity.").  Congress recognized the seriousness of concerted criminal activity by passing the RICO act, authorizing a twenty year sentence for participation in a RICO enterprise, and a separate twenty year sentence for conspiring to participate in a RICO enterprise.  18 U.S.C. 1962(c) & (d).  In addition, the Sentencing Commission has recognized the seriousness of sophisticated fraudulent schemes in the advisory guideline calculations governed under U.S.S.G. Section 2B1.1.[2] Defendant Maclaskey was a long term member of this criminal organization, involved in virtually every aspect of its ongoing operations.  However, the defendant negotiated the benefit of a

---

[2] For example, on May 15, 2014, fellow Carder.su member David Camez's RICO guidelines were determined to be 360 to life in case number 2:12-CR-004, and he was sentenced to two concurrent twenty year terms for his RICO and RICO Conspiracy convictions at trial.

Conspiracy plea, which allows him to avoid the RICO's twenty year sentencing exposure in favor of Conspiracy's five year cap. The government made this concession, in part, because the defendant faces a significant consecutive custodial sentence arising from the federal charges pending in Texas.

The government joins Probation recommendation, based on the unique facts and circumstances relating to defendant Maclaksey and the statutory sentencing constraints of Section 371, that the Court should sentence him to 60 months. PSR ¶ 115-118. The government also submits that the Court should order that the defendant pay restitution in the amount of $50,575,123.45, jointly and severally with his codefendants in this case and those charged in related cases 2:12-0004, 2:12-0084 and 2:13-120. The defendant must pay $100 in special assessment. The government asks that no fine be imposed given the amount of restitution owed. The government also asks that all of the property set forth in the Information be forfeited and that a criminal forfeiture money judgment of $50,575,123.45 be entered against the defendant.

Respectfully Submitted,

DANIEL G. BOGDEN,
United States Attorney

DATE: May 20, 2014        /s / Kimberly M. Frayn
KIMBERLY M. FRAYN
ANDREW W. DUNCAN
Assistant United States Attorneys
JONATHAN A. OPHARDT
Trial Attorney
Department of Justice
Organized Crime and Gang Section

**Certificate of Service**

The undersigned counsel hereby certified that she served a copy of this document on defense counsel, via electronic service through the PACER system on May 20, 2014.

DATE: May 20, 2014       /s / Kimberly M. Frayn
                         KIMBERLY M. FRAYN
                         Assistant United States Attorney